(Pleito No. 219.—Fallado el 30 de Octubre de 1902.)

## Matos contra Calvo.

Recurso contra sentencia dictada por el Tribunal de Distrito de Arecibo.

1.—Admisibilidad del recurso. Con arreglo al artículo 1,693 de la Ley de Enjuiciamiento Civil no se da el recurso de casación contra las resoluciones dictadas en los procedimientos para la ejecución de sentencia.

2.—Sobre el mismo punto. Se exceptúan aquéllos que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos por la ejecutoria, ó que se provea en contradicción con lo ejecutado.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á treinta de Octubre de mil novecientos dos, en las diligencias de ejecución de sentencia dictada en· pleito seguido en el Tribunal de Distrito de Arecibo por Don Julio Calvo y Morales contra Don Manuel Matos en cobro de pesos, pendientes ante Nos en virtud de recurso de casación por quebrantamiento de forma, interpuesto por el demandado y sostenido en su defensa y representación por el abogado Don Rafael López Landrón, continuando después por el de la misma clase Don Antonio Alvarez Nava, habiendo llevado la representación

de la parte recurrida el abogado Don Hilario Cuevillas y Hernández.—Resultando: Que iniciadas diligencias preparatorias de ejecución en siete de Agosto de mil ochocientos noventa y siete en el suprimido Juzgado de 1ª Instancia de Utuado por Don Julio Calvo y Morales contra Don Manuel Matos, en cobro de dos mil novecientos noventa pesos, procedentes de dos pagarés é intereses vencidos, se decretó el embargo preventivo de bienes de la propiedad del deudor, que se llevó á efecto en una finca rústica de ciento cuarenta cuerdas de extensión, situada en el barrio de "Salto-Abajo," del término municipal de Utuado; y que entablada después la demanda en pleito ordinario y seguido éste por todos sus trámites, dictó sentencia el Tribunal del Distrito de Arecibo, en siete de Marzo de mil novecientos, por la que se condenó al demandado Don Manuel Matos al pago de la cantidad reclamada con los intereses y las costas; contra cuya sentencia interpuso aquel el recurso de casación por infracción de ley, que se declaró sin lugar por el Tribunal Supremo, en cuatro de Marzo de mil novecientos uno, con las costas al recurrente.—Resultando: Que seguida la vía de apremio para la ejecución de la sentencia, solicitó el acreedor Don Julio Calvo el embargo de bienes del deudor en cantidad bastante á cubrir los dos mil novecientos noventa pesos de la demanda con sus intereses y las costas, á lo que se accedió por providencia de veinte y ocho de Junio del año citado; y realizado el embargo de la misma finca rústica embargada preventivamente y en dos casas más que en ella existían enclavadas, presentó escrito el deudor en veinte y cuatro de Agosto siguiente, para que se declarara alzado el primer embargo constituído en la finca de su propiedad, lo que se declaró sin lugar, previa audiencia del acreedor Don Julio Calvo, por provisto de treinta del mismo mes; y que pedida reposición de esta providencia y sustanciado en forma el recurso, le fué declarado sin lugar por auto de veinte de Septiembre siguiente.—Resultando: Que en este estado las diligencias de apremio, presentó escrito la repre-

sentación del deudor Don Manuel Matos, promoviendo artículo de previo y especial pronunciamiento, para que declararan nulos los dos embargos practicados en la finca de su propiedad y nulas las diligencias subsiguientes á la constitución del segundo; alegando para ello, que si bien la ampliación de los embargos es procedente en los casos á que se refiere el artículo 1,453 de la Ley de Enjuiciamiento Civil, en el caso de autos no se trataba propiamente de una ampliación de embargo, puesto que ni se había solicitado, ni se había decretado con este carácter, sino de dos embargos distintos, decretados sobre los mismos bienes y para garantir unas mismas obligaciones, y por consiguiente el segundo anulaba ó dejaba sin efecto el primero, porque no cabe dentro de las prescripciones de la Ley procesal que subsistan al mismo tiempo dos embargos en las condiciones expresadas; que en el segundo se había nombrado de depositario á un extraño, contraviniéndose así á lo dispuesto por la Orden General número 57, según la cual ese nombramiento debe recaer siempre en el mismo dueño de los bienes embargados y que en el mandamiento dirigido al Registrador de la Propiedad para la anotación del embargo, se habían fijado quinientos dollars para costas, cuando no había recaído providencia alguna del Tribunal que así lo hubiera órdenado; por todo lo cual debían declararse nulos ambos embargos, y nulas las diligencias practicadas con posterioridad al segundo; á cuyo escrito se declaró por providencia de primero de Octubre siguiente, "no haber lugar á proveer," y pedida reposición de dicha providencia se declaró también sin lugar por provisto de tres del mismo mes de Octubre.—Resultando: Que contra esta providencia y su concordante de primero del mismo mes, se interpuso por la representación de Don Manuel Matos recurso de casación por quebrantamiento de forma y simultáneamente por infracción de ley, fundando el primero en el caso 8 del artículo 1,691 de la Ley de Enjuiciamiento Civil, por haber sido dictados dichos provistos por menor número de jueces que el que señala la Ley para estos

casos, en las reglas 49 y 68 de la Orden Judicial número 118, serie de mil ochocientos noventa y nueve, y admitidos ambos recursos y elevados los autos á este Tribunal Supremo, con citación y emplazamiento de las partes, personadas éstas y sustanciado el primero de dichos recursos, ó sea el de quebrantamiento de forma, se señaló día para la vista, á cuyo acto asistieron los abogados defensores de las partes, sosteniendo sus respectivas pretensiones.—Visto: Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que con arreglo al artículo 1,693 de la Ley de Enjuiciamiento Civil no se da el recurso de casación contra las resoluciones dictadas en los procedimientos para ejecución de sentencia, á no ser que resuelvan puntos sustanciales no contravertidos en el pleito, ni decididos por la ejecutoria, ó que se provea en contradicción con lo ejecutoriado.—Considerando: Que en tal concepto es improcedente el recurso de casación interpuesto por Don Manuel Matos, puesto que por las providencias recurridas no se resuelve definitivamente ninguna cuestión sustancial, ni se provee en contra de lo ejecutoriado, pues que se limitan á rechazar de plano un artículo de previo y especial pronunciamiento sobre nulidad de los embargos y otras actuaciones practicadas en la vía de apremio para el cumplimiento de la ejecutoria.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma interpuesto por Don Manuel Matos, con las costas á cargo del recurrente.—Comuníquese esta sentencia al Tribunal de Distrito de Arecibo y dése cuenta con los autos para proveer lo que corresponda sobre el otro recurso de infracción de ley.—Así por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente de este Tribunal Supremo Don José S.

Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á treinta de Octubre de mil novecientos dos.—Antonio F. Castro, *Secretario.*